# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**DOCKETED**
**NOV 0 5 2002**

| | |
|---|---|
| JANE DOE # 1, as Mother and Next Friend of JANE DOE # 2; and JANE DOE # 3, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v | ) ) ) |
| LEONARD WEBER, individually and in his official capacity as an Orland Hills Police Officer, KYLE HASTINGS, individually and in his official capacity as the Mayor of the Village of Orland Hills and the VILLAGE OF ORLAND HILLS, a municipal corporation, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**02C 7950**

Judge:

JUDGE AMY ST. EVE
JURY TRIAL DEMANDED

MAGISTRATE JUDGE NOLAN

FILED
02 NOV -4 PH 2: 33
CLERK
U.S. DISTRICT COURT

## COMPLAINT

NOW COME the plaintiffs, JANE DOE #1, as Mother and Next Friend of JANE DOE #2; and JANE DOE #3, by and through their attorneys, LOFTUS & SALTZBERG, P.C. and for their Complaint against the defendants, LEONARD WEBER, individually and in his official capacity as an Orland Hills Police Officer, KYLE HASTINGS, individually and in his official capacity as the Mayor of the Village of Orland Hills and the VILLAGE OF ORLAND HILLS, a municipal corporation, state as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction is invoked pursuant to the First and Fourteenth Amendment to the Constitution of the United States, Title 42, U.S.C. §§ 1983, 1988, and 2000e. Supplemental jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1343(a).

2.      Venue is proper in that the defendants reside or are located in the Northern District of Illinois and the plaintiffs reside in the Northern District of Illinois, and virtually all of the acts and damages complained of herein occurred in the Northern District of Illinois.

**PARTIES**

3.      Plaintiff, JANE DOE #1, as the Mother and Next Friend of JANE DOE #2 (hereinafter referred to as "Jane Doe #2"), is a citizen of the United States and a resident of the State of Illinois.  JANE DOE #2 is currently 16 years of age.  Jane Doe #1 and Jane Doe #2 contend that the defendants abused their positions to deprive Jane Doe #2 of her constitutional right to be free from willful sexual assault, and they bring this action under the "Jane Doe" pseudonym because of the intimate and personal nature of the cause of action.

4.      Plaintiff, JANE DOE #3 (hereinafter referred to as "Jane Doe #3") is a citizen of the United States and a resident of the State of Illinois.  Jane Doe #3 contends that the defendants abused their positions to deprive her of her constitutional right to be free from willful sexual assault and bring this action under the "Jane Doe" pseudonym because of the intimate and personal nature of the cause of action.

5.      Defendant, LEONARD WEBER (hereinafter referred to as "Weber" or "Officer Weber") was, at all relevant times, employed by the Village of Orland Hills, Illinois as a police officer and is sued in his individual and official capacity.

6.      Defendant, KYLE HASTINGS (hereinafter referred to as "Mayor Hastings") was, at all relevant times, the duly elected Mayor of the Village of Orland Hills, Illinois and has used

his authority and influence to make decisions for the Orland Hills Police Department and has the ultimate decision-making authority for the Village of Orland Hills. Mayor Hastings is sued in his individual and official capacity.

7.     Defendant, Village of Orland Hills, Illinois, is a municipal corporation of the State of Illinois and is and was, at all relevant times, the employer of the Orland Hills Police Officer Weber and Orland Hills Mayor Hastings.

## FACTUAL BACKGROUND PERTINENT TO ALL COUNTS

8.     At all times relevant to the allegations of this complaint, the Village of Orland Hills, through its police department, sponsored, supported and maintained a youth cadet program for teenage children between the ages of 14 and 18 (the "Youth Cadet Program").

9.     At all times relevant to the allegations of this complaint, Officer Weber was the supervisor of the Youth Cadet Program.

10.     As the Youth Cadet Program's sole supervisor, Officer Weber had extensive contact with the members of the Cadet program with full authority to supervise, schedule and promote the activities of the Youth Cadet Program.

11.     Jane Doe #2 joined the Youth Cadet Program on or about August, 1999. Jane Doe #2 was 12 years old when she joined. Officer Weber made a special exception for Jane Doe #2 to join the Youth Cadet Program before her 14th birthday. Jane Doe #2 was then in the seventh grade.

12.     Jane Doe #3 joined the Youth Cadet Program on or about October, 1999. Jane Doe #3 was 16 years old when she joined and in her junior year of high school. When she joined

the Youth Cadet Program, Jane Doe #3 yearned to be a police officer.

13.    At all times relevant to the allegations of this complaint, as an adjunct to the Youth Cadet Program, the Village of Orland Hills sponsored, supported and maintained a chess club for children in high school between the ages of 14 and 18 (the "Chess Club"). The Chess Club initially met in the meeting room at the Orland Hills Police Department and later met in a room upstairs from the Orland Hills Police Department.

14.    At all times relevant to the allegations of this complaint, Officer Weber was the supervisor assigned to the Chess Club. Officer Weber had extensive contact with the members of the Chess Club with full authority to supervise, schedule and promote its activities.

15.    Jane Doe #2 was a member of the Chess Club.

16.    From the inception of his contact with Jane Doe #2 and Jane Doe #3, Officer Weber preyed on their youth and inexperience. Over a period of many months and using his authority as the supervisor of the Youth Cadet Program and the ancillary Chess Club, Officer Weber singled out both girls for special assignments and promotions within the Youth Cadet Program, assignments and promotions that other members of the program did not receive. Officer Weber invited Jane Doe #2 and Jane Doe #3 to participate in private "ride-alongs" with him and voiced objections to the two girls riding with any other Orland Hills police officers. Officer Weber did not similarly restrict other members of the Youth Cadet Program. Officer Weber frequently promoted both girls, often without basis, and he deliberately insinuated himself into their lives as a mentor and confidant so that he could gain their trust and ultimately physically molest them.

4

17.     On June 28, 2002, Officer Weber was indicted on four counts of criminal sexual assault for criminally assaulting Jane Doe #2 and Jane Doe #3. Both attacks took place while Officer Weber was exercising his authority as the Orland Hills Police Officer supervising the Youth Cadet Program and the Chess Club. Officer Weber attempted both physically and forcefully to fondle Jane Doe #2 following a Chess Club meeting and Officer Weber raped Jane Doe #3 at a home in New Lenox, Illinois.

18.     Prior to both attacks, the Village of Orland Hills and Mayor Hastings had express knowledge of Officer Weber's predilection for underage teenage girls. Complaints were made directly to Mayor Hastings regarding at least three similar incidents by Officer Weber from May, 1999 to September, 2001. However, neither the Village of Orland Hills nor Mayor Hastings took appropriate action to curb Officer Weber's illegal activities. In an act confirming his knowledge of Officer Weber's history, Mayor Hastings authorized two female chaperones for the Youth Cadet Program. The Village of Orland Hills advised the two chaperones that there had been previous allegations of sexual misconduct against Officer Weber and the chaperones were to attend every Youth Cadet Program meeting. However, following a contentious local election in April, 2001, in which one of the chaperones endorsed an opponent of Mayor Hastings, Mayor Hastings dismissed both chaperones citing the fine leadership of the Youth Cadet Program by Officer Weber. And, neither the Village of Orland Hills nor Mayor Hastings provided a chaperone for Officer Weber's activities with the Chess Club. Officer Weber was left without supervision to prey on his victims.

19.     Shortly after the attack on Jane Doe #2, Officer Weber sent her emails in which he

admitted that he had been investigated in the past for sexual misconduct and that the Village of Orland Hills was aware of the previous accusations.

20.     Despite their longstanding knowledge, neither Mayor Hastings nor any other persons with authority appropriately supervised Officer Weber's conduct. Mayor Hastings and the Village of Orland Hills knew of Officer Weber's unconstitutional conduct and acquiesced in the deprivation by allowing Officer Weber to continue unsupervised contact with teenage girls while on duty. Under color of law, Officer Weber singled out his victims, stalked them over a period of many months and assaulted them, much of his conduct occurring during his official work-shifts and involving the use of Village of Orland Hills property.

## COUNT I

### VIOLATIONS OF 42 USC §1983
### (ALL DEFENDANTS)

21.     Plaintiffs reallege and adopt paragraphs 1 through 20 above, as paragraph 21 of this Count I, as though set forth in full herein.

22.     Count I is brought pursuant to the Civil Rights Act of 1964, Title 42 United States Code, §1983.

23.     The Village of Orland Hills is a local governmental entity duly authorized and operating under the laws of the United States, the State of Illinois and the ordinances of the Village of Orland Hills.

24.     The Mayor of Orland Hills, Kyle Hastings, and other responsible policy making officials of the Village of Orland Hills knew, acquiesced, or in the exercise of reasonable care,

should have known, that Officer Weber had engaged in a pattern and practice of misconduct for at least several years, including, but not limited to, sexually assaulting minor children and conspiring with other officers and lay persons to cover up such acts and other deprivations of the Constitutional rights of persons in the Village of Orland Hills, including plaintiffs.

25.     Despite knowledge of Officer Weber's longstanding pattern and practice of illegality, the Village of Orland Hills failed to properly investigate each complaint, and to supervise, train, discipline and terminate the employment of Officer Weber. The Village of Orland Hills did not terminate Officer Weber after the indictment, but allowed him to voluntarily resign nearly 4 months after the indictment.

26.     The defendant Village of Orland Hills developed and maintained a widespread *de facto* policy and custom with regard to acts of illegality committed by officers against civilians which encouraged Officer Weber to believe that he could violate the rights of the plaintiffs with impunity and with the explicit or tacit approval of the Village of Orland Hills. The Village of Orland Hills ignored the complaints and warnings of several citizens regarding Officer Weber's inappropriate contact with young girls and placed him in official positions where he could continue to molest young girls with impunity.

27.     The Village of Orland Hills has a duty to operate the affairs and business of the Village in accordance with federal, state and local laws.

28.     In violation of such duty, the Village of Orland Hills, Officer Weber and Mayor Hastings, with the explicit or tacit approval of the Village of Orland Hills, acting under color and pretense of law, engaged in acts to deny and deprive the plaintiffs of their rights guaranteed

7

under the Constitution and laws of the United States, specifically including, but not limited to, their right to free speech and association as guaranteed in the First Amendment to the Constitution of the United States and their right to life and liberty as guaranteed in the Fifth Amendment to the Constitution.

29.     The aforesaid conduct of the Village of Orland Hills, Officer Weber and Mayor Hastings was engaged in and accomplished by the said defendants, acting under the color and pretense of State and local laws and related to their governmental authority.

30.     As a direct and proximate result of defendants intentionally, knowingly, unlawfully and unconscionably acting in the manner aforesaid, plaintiffs have and will suffer lost wages, benefits and entitlements, damage to their career and reputation, pain, suffering, and humiliation and severe emotional distress and have been deprived of certain rights and privileges as citizens of the United States all in violation of 42 U.S.C. §1983.

**WHEREFORE,** plaintiffs Jane Doe No, 1 as Mother and Best Friend of Jane Doe No. 2, and Jane Doe No. 3, request that this Honorable Court:

A.     Enter a judgment in favor of the plaintiffs and against the defendants Village of Orland Hills, Leonard Weber and Kyle Hastings in an amount to be proven at trial;

B.     Award to plaintiffs, and each of them, their reasonable attorneys' fees, costs, and expenses incurred in vindicating their rights, and such prejudgment and post–judgment interest as is allowable under law;

C.     Award to plaintiffs punitive damages from all defendants, except the Village of Orland Hills, in an amount in excess of $10,000.000;

D.     Allow a jury for all claims triable by a jury;

E.     Grant such other relief as this Honorable Court deems reasonable, just and proper.

8

## COUNT II

### BATTERY
### (WEBER AND THE VILLAGE OF ORLAND HILLS)

31.     Plaintiffs reallege and adopt paragraphs 1 through 20 above, as paragraph 31 of this Count II, as though set forth in full herein.

32.     The acts committed by defendant Weber were intentional and were committed in his official capacity while employed by the Village of Orland Hills.

33.     The acts committed by defendant Weber resulted in offensive contact with Jane Doe No. 2 and Jane Doe No. 3 and were without their consent.

34.     Defendant Weber's conduct was willful and wanton and constituted a battery upon the persons of Jane Doe No. 2 and Jane Doe No. 3.

35.     As a direct and proximate result of defendants intentionally, knowingly, unlawfully and unconscionably acting in the manner aforesaid, plaintiffs have and will suffer severe damages and emotional distress.

**WHEREFORE,** plaintiffs Jane Doe No, 1 as Mother and Best Friend of Jane Doe No. 2, and Jane Doe No. 3, request that this Honorable Court:

A.     Enter a judgment in favor of the plaintiffs and against defendants Weber and the Village of Orland Hills, in an amount to be proven at trial;

B.     Enter an injunction against defendants Weber and the Village of Orland Hills ordering that they cease and desist from any and all actions intended to cause such emotional distress;

C.     Award to plaintiffs their reasonable attorneys' fees, costs, and expenses incurred, and such prejudgment and post judgment interest as is allowable under law;

D.    Award to plaintiffs punitive damages from defendant Weber in an amount in excess of $10,000.000;

E.    Allow a jury for all claims triable by a jury;

F.    Grant such other relief as this Honorable Court deems reasonable, just and proper.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (ALL DEFENDANTS)

36.    Plaintiffs reallege and adopt paragraphs 1 through 20 above, as paragraph 36 of this Count III, as though set forth in full herein.

37.    The acts committed by defendant Weber and sanctioned by defendant Hastings, were committed in their official capacities while employed by the Village of Orland Hills and were extreme and outrageous.

38.    The acts committed by defendants were committed intentionally and demonstrated their reckless disregard of the probability of causing plaintiffs emotional distress.

39.    As a direct and proximate result of defendants intentionally, knowingly, unlawfully and unconscionably acting in the manner aforesaid, plaintiffs have and will suffer severe emotional distress.

**WHEREFORE**, plaintiffs Jane Doe No, 1 as Mother and Best Friend of Jane Doe No. 2, and Jane Doe No. 3, request that this Honorable Court:

A.    Enter a judgment in favor of the plaintiffs and against defendants, in an amount to be proven at trial;

B.    Enter an injunction against defendants ordering that they cease and desist from any and all actions intended to cause such emotional distress;

C.  Award to plaintiffs their reasonable attorneys' fees, costs, and expenses incurred, and such prejudgment and post judgment interest as is allowable under law;

D.  Award to plaintiffs punitive damages from Weber and Hastings and in an amount in excess of $10,000.000;

E.  Allow a jury for all claims triable by a jury;

F.  Grant such other relief as this Honorable Court deems reasonable, just and proper.

## COUNT IV

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (ALL DEFENDANTS)

40.  Plaintiffs reallege and adopt paragraphs 1 through 20 above, as paragraph 40 of this Count IV, as though set forth in full herein.

41.  The acts committed by the individual defendants, were committed in their official capacities while employed by the Village of Orland Hills and were extreme and outrageous.

42.  At all times relevant to the facts alleged herein, defendants owed a duty to the plaintiffs to act in such a manner so as not to cause plaintiffs emotional distress.

43.  Defendants breached this duty by their acts as stated aforesaid.

44  As a direct and proximate result of defendants' negligent acts in the manner aforesaid, plaintiffs have and will suffer severe emotional distress.

**WHEREFORE**, plaintiffs Jane Doe No, 1 as Mother and Best Friend of Jane Doe No. 2, and Jane Doe No. 3, request that this Honorable Court:

A.  Enter a judgment in favor of the plaintiffs and against defendants, in an amount to be proven at trial;

B.  Enter an injunction against defendants ordering that they cease and desist from any and all actions intended to cause such emotional distress;

11

C.    Award to plaintiffs their reasonable attorneys' fees, costs, and expenses incurred, and such prejudgment and post judgment interest as is allowable under law;

D.    Award to plaintiffs punitive damages from all but the Village of Orland Hills, in an amount in excess of $10,000.000;

E.    Allow a jury for all claims triable by a jury;

F.    Grant such other relief as this Honorable Court deems reasonable, just and proper.

Dated: October 28, 2002

Respectfully submitted,

**JANE DOE NO. 1, as mother and next friend for JANE DOE NO. 2, JANE DOE NO. 3**

By: _____
One of Plaintiffs' Attorneys

Sally H. Saltzberg
P. Michael Loftus
Loftus & Saltzberg, P.C.
53 West Jackson Boulevard
Suite 1420
Chicago, IL 60604
(312) 913-2000

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**DOCKETED**

NOV 0 5 2002

# Civil Cover Sheet 02C 7950

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

*JUDGE AMY ST. EVE*

**Plaintiff(s):** JANE DOE #1, as Mother and Next Friend of JANE DOE #2; and JANE DOE #3

**Defendant(s):** LEONARD WEBER, individually and in his official capacity as an Orland Hills Police Officer, KYLE HASTINGS, individually and in his official capacity as the Mayor of the Village of Orland Hills and the VILLAGE OF ORLAND HILLS, a Municipal corporation
*MAGISTRATE JUDGE NOLAN*

County of Residence:

Plaintiff's Atty: Sally H. Saltzberg
Loftus & Saltzberg, P.C.
53 W. Jackson Blvd Suite 1420,
Chicago, IL 60604
(312) 913-2000

County of Residence:

Defendant's Atty:

II. Basis of Jurisdiction:          **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties
(Diversity Cases Only)

Plaintiff:- N/A

Defendant:- N/A

IV. Origin :          **1. Original Proceeding**

V. Nature of Suit:          **440 Other Civil Rights**

VI. Cause of Action:          **42 USC Sec.1983. Plaintiffs allege that defendants deprived them of their constitutional right to be free from willfull sexual assault by individuals acting under color of law.**

VII. Requested in Complaint
Class Action: No
Dollar Demand:
Jury Demand: Yes

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: *Sally Sal* 11-4-02

**Date:** 10/31/02

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

NOTE: When the print dialogue box appears, be sure to uncheck the Annotations option.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

Eastern Division

Double click on question mark for appearance form instructions

In the Matter of

JANE DOE #1, as Mother and Next Friend
of JANE DOE # 2; and #3,
v.
LEONARD WEBER, et al.

DOCKETED
NOV 0 5 2002
Case Number:

02C 7950

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR

JANE DOE # 1, as mother and Next Friend of JANE DOE #2 and #3

JUDGE AMY ST. EVE

MAGISTRATE JUDGE NOLAN

| (A) | (B) |
|---|---|
| SIGNATURE *Sally Saltzberg* | SIGNATURE *P. Michael Loftus* |
| NAME Sally R. Saltzberg | NAME P. Michael Loftus |
| FIRM Loftus & Saltzberg, P.C. | FIRM Loftus & Saltzberg, P.C. |
| STREET ADDRESS 53 West Jackson, Blvd., Suite 1420 | STREET ADDRESS 53 West Jackson Blvd., Suite 1420 |
| CITY/STATE/ZIP Chicago, Illinois 60604 | CITY/STATE/ZIP Chicago, Illinois 60604 |
| TELEPHONE NUMBER (312) 913-2000 | TELEPHONE NUMBER (312) 913-2000 |
| IDENTIFICATION NUMBER 06183360 | IDENTIFICATION NUMBER 03121910 |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☒ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

13